Charles C. D. Gott v. Commissioner.
Gott v. Commissioner
Docket No. 29835.
United States Tax Court
1953 Tax Ct. Memo LEXIS 283; 12 T.C.M. (CCH) 435; T.C.M. (RIA) 53136; April 22, 1953
*283 John R. Brook, Esq., for the petitioner. Rigmor O. Carlsen, Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $26,299.33 in income tax of the petitioner for 1943. The only issue for decision is whether $41,869.51, paid by Self Winding Clock Company, Inc., in 1942 for two annuity contracts of which the petitioner was named beneficiary, was compensation for services and taxable income of the petitioner for that year. Findings of Fact The petitioner filed his return for 1943 with the collector of internal revenue for the First District of New York. The petitioner had been employed by the Self Winding Clock Company, Inc., hereafter called Clock Company, for about 35 years and in 1942 was vice-president. He continued to serve as an executive of that corporation during 1943 and retired in 1944. He received a salary in 1942 and in 1943. He was never a stockholder of that corporation. The stockholders of Clock Company entered into an agreement with another corporation, herein called Manville, on December 17, 1942 for the sale of their stock to Manville and the sale took place on December 31, 1942. The *284 agreement of sale provided that the purchaser agreed to buy the stock for the excess of $993,881.71 over "the amount of the pension fund hereinafter in this Article provided for; and (2) simultaneously with such purchase to cause the Clock Company to create said pension fund." The contract provided that pensions costing not less than $41,869.51 should be purchased for the petitioner. The directors of Clock Company adopted a resolution on December 31, 1942 authorizing the purchase of annuities for employees, including the petitioner, in recognition of their long and faithful services to the company. The Clock Company in 1942 purchased annuities, in accordance with the agreement and the resolution, including non-forfeitable annuities costing it $41,869.51 issued to the petitioner and later delivered to him. It deducted the cost of the annuities as an expense on its return. The petitioner received in 1942 a gift of $6,000 in cash from the selling stockholders of Clock Company. He had never worked for them except as he served Clock Company. The petitioner reported as income for 1943 annuities of $4,583.18. The Commissioner, in determining the deficiency, increased income as reported *285 for 1942 by $41,869.51 as salary and explained that the $41,869.51 paid by Clock Company in 1942 for the annuities for the petitioner was taxable income to him. The annuities purchased for the petitioner were not gifts to him but were and were intended to be compensation for services rendered by him to Clock Company. All facts stipulated by the parties are incorporated herein by this reference. Opinion MURDOCK, Judge: The petitioner argues that the annuities were gifts from the old stockholders who paid for them with a part of the selling price of the stock. He reasons that the stock was sold for $993,881.71 and from that $71,312 was taken to pay for the annuities. The latter amount, he says, was a dividend from Clock Company to its new stockholder, Manville. It is probable that the old stockholders wanted provision made for annuities for the old employees before they lost control of Clock Company but the way they accomplished it was not the way the petitioner would have it appear. The purchase price which Manville paid was not $993,881.71 but only the excess of that amount over the cost of the annuities. The latter amount was paid by Clock Company as compensation to its employees, *286 not as a dividend to any stockholder, old or new. It may have influenced the price of the stock because what was sold was stock of a corporation which would have $71,312 less assets after the sale than it had before. Neverthless, the annuities were not gifts from anyone but compensation from the employer corporation for services rendered by the employee beneficiaries. The cost of the annuities was taxable to the petitioner under section 22 (b) (2) (B), since none of the exceptions therein applies. Cf. ; ; ; . Decision will be entered for the respondent.